# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIAN ZENG,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIDI BIOTHERAPEUTICS, INC., a<br>Nevada corporation; CALIDI<br>BIOTHERAPEUTICS, INC., a Delaware<br>corporation; and ALLAN J. CAMAISA,<br>                                    Defendants. | Case No.:  3:24-cv-02026-H-KSC<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFFS'<br>MOTION FOR LEAVE TO FILE<br>SECOND AMENDED COMPLAINT;**<br><br>[Doc. No. 27]<br><br>**(2) VACATING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT; AND**<br><br>[Doc. No. 28]<br><br>**(3) CONTINUING FINAL<br>PRETRIAL CONFERENCE** |

On January 8, 2026, Plaintiff Yiang Zeng filed a motion for leave to file a second amended complaint.  (Doc. No. 27.)  On January 8, 2026, Defendants Calidi Biotherapeutics, Inc.; Calidi Biotherapeutics, Inc; and Allan J. Camaisa (collectively, "Defendants") filed a joint motion for summary judgment.  (Doc. No. 28.)  On February 9, 2026, Defendants filed their response in opposition to Plaintiff's motion.  (Doc. No. 30.)

1

3:24-cv-02026-H-KSC

On February 9, 2026, the Court took Plaintiff's motion under submission.  (Doc. No. 31.)  For the reasons below, the Court grants Plaintiff's motion for leave to file a second amended complaint and vacates Defendants' motion for summary judgment as premature.

**Background**

### I.    Factual Background

The following factual background is taken from the allegations in Plaintiff's First Amended Complaint.  (Doc. No. 16, Am. Compl.)

Plaintiff Yiang Zeng is a dual citizen of The People's Republic of China and Cyprus.  (Id. ¶ 1.)  Defendant Calidi Biotherapeutics, Inc. is incorporated in the state of Delaware, with its principal place of business in San Diego ("Calidi Delaware").  (Id.)  Defendant Calidi Biotherapeutics, Inc. is incorporated in the state of Nevada, with its principal place of business in San Diego, California ("Calidi Nevada").  (Id.)  Defendant Allan J. Camaisa is a citizen of the state of California.  (Id.).

On February 19, 2022, Plaintiff invested $2,000,000 pursuant to a Simple Agreement for Future Equity ("SAFE") issued by Calidi Nevada in anticipation of an eventual merger.  (Id. ¶¶ 2, 5.)  Plaintiff's understanding was that, once merged, he would immediately acquire an equity position in the surviving entity pursuant to a conversion formula outlined in the SAFE.  (Id.)

On September 12, 2023, Calidi Nevada merged with an existing publicly traded company incorporated in the state of Delaware, now known as Calidi Delaware.  (Id. ¶¶ 3, 6.)  That same day, Plaintiff received 225,313 shares of Calidi Delaware common stock.  (Id. ¶ 8.)  Following the merger, Calidi Delaware common stock price began falling.  (Id. ¶ 9.)  On July 15, 2024, because of a 1-for-10 reverse split of the outstanding shares of Calidi Delaware's common stock, Plaintiff's Calidi Delaware common stock shareholdings were reduced to 25,531 shares now trading around $0.90 per share.  (Id. ¶ 8.)

Plaintiff claims that Defendant Camaisa, former Chief Executive Officer and former Chairman of the Board of Directors of Calidi Nevada and Calidi Delaware (collectively, "Calidi"), was responsible for creating and promoting Calidi Nevada to raise money from

3:24-cv-02026-H-KSC

SAFE investors.  (Id. ¶ 4.)  Plaintiff alleges that Defendant Camaisa appropriated Plaintiff's $2,000,000 SAFE investment to repay executive and board members' personal loans to Calidi Nevada as opposed to providing capital to fund Calidi operations and growth.  (Id. ¶¶ 7, 10, 23-25.)  Plaintiff further alleges that Defendant Camaisa's malfeasance and misfeasance was fueled by his regular drunkenness and intoxication while at work.  (Id. ¶¶ 10, 19.)

## II.      Procedural History

On October 29, 2024, Plaintiff filed a complaint seeking recission of his investment in Calidi.  (Doc. No. 1, Compl.)  In particular, Plaintiff alleged claims for (1) securities fraud in violation of Cal. Corp. Code § 25401; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty.  (Id. ¶¶ 8-26.)  On February 10, 2025, Defendants filed their answer.  (Doc. No. 7.)

On March 17, 2025, Defendants served Plaintiff with their initial disclosures.  (Doc. No. 11.)  On April 2, 2025, Defendants served Plaintiff with additional documents as a continuation of its initial disclosures.  (Doc. No. 30 at 2; Doc. No. 30-1, Elia Decl. ¶ 4.) The April 2, 2025 production included Calidi's Form S-1, filed with the Securities and Exchange Commission ("SEC") on October 6, 2023.  (Id. ¶ 4; Doc. No. 30, Ex. B.)

On April 9, 2025, the Court held the Early Neutral Evaluation and Case Management Conference.  (Doc. No. 14.)  That same day, the Court issued a scheduling order which stated, in part, that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by May 9, 2025."  (Doc. No. 15 at 1.)  On May 9, 2025, Plaintiff filed his First Amended Complaint.  (Doc. No. 16, Am. Compl.)  On May 30, 2025, Defendants filed their amended answer.  (Doc. No. 17.)

On July 11 and July 14, 2025, Defendants provided a supplemental production of documents.  (Doc. No. 30 at 3; Doc. No. 30-1, Elia Decl. ¶¶ 5, 6.)  The July 11, 2025 production contained Calidi Delaware's 10-K, filed with the SEC on March 31, 2025.  (Id. ¶ 5; Doc. No. 30, Ex. C.)  The July 14, 2025 production contained Edoc Acquisition Corporation's ("Edoc") Form S-4 registration statement, filed with the SEC on March 16,

2022.  (Doc. No. 30-1, Elia Decl. ¶ 7; Doc. No. 30, Ex. D.)

On July 16, 2025, Plaintiff took the deposition of Defendant Allan Camaisa.  (Doc. No. 27 at 4.)  On July 18, 2025, Plaintiff took the deposition of Tony Kalajian, Calidi's Chief Accounting Officer and Interim Financial Officer from March 2021 to October 2023.  (Id.)  On September 5, 2025, Plaintiff took the deposition of Andrew Jackson, Calidi's Chief Financial Officer from October 2023 to present.  (Id.)

On September 23, 2025, the Court held a telephonic Discovery Conference regarding the parties' discovery disputes.  (Doc. No. 26.)  On October 10, 2025, Defendants produced another batch of documents.  (Doc. No. 30-1, Elia Decl. ¶ 9.)  On November 18, 2025, Plaintiff took the deposition of Stephen Thesing, Calidi's Chief Business Officer from December 2021 to November 2024.  (Doc. No. 27 at 1, 17.)

By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a second amended complaint.  (Doc. No. 27.)  Specifically, Plaintiff moves to amend its complaint to "conform the complaint to the evidence adduced in discovery" pursuant to Fed. R. Civ. P. 15(b)(2).  (Id. at 1-2.)  Whereas Plaintiff's original and First Amended Complaints focused primarily on Defendant Camaisa's alleged role in appropriating Plaintiff's investment, (see generally Doc. Nos. 1, 16), the Proposed Second Amended Complaint alleges that Calidi was insolvent at the time Plaintiff entered into the SAFE Agreement and that Defendants misrepresented its financial condition to him.  (See, e.g., Doc. No. 27, Proposed SAC at 12-19.)

## Discussion

### I.     Legal Standards

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading.  Fed. R. Civ. P. 15(a).  Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires."  Id.  The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'"  Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018)

3:24-cv-02026-H-KSC

(quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996). The court may deny leave to amend for "good reason," which normally involves an analysis of the factors articulated in Foman: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

However, "when a district court enters a pretrial scheduling order establishing a deadline for amending the pleadings, as the court did here, a motion to amend is governed by Rule 16(b)." Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1277 (9th Cir. 2023) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992)). Under Rule 16(b), a plaintiff "must show good cause" for failing to amend the complaint "before the time specified in the scheduling order expired." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Diligence is generally determined by examining the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. See, e.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087–88 (9th Cir. 2002); Coleman, 232 F.3d at 1294–95. Thus, to amend a pleading after a scheduling order deadline, the moving party must both demonstrate good cause to modify the scheduling order under Rule 16(b), and show that amendment is warranted under Rule 15(a). Johnson, 975 F.2d at 608.

**II.    Analysis**

**A.    Good Cause Exists to Modify Scheduling Order**

The Scheduling Order set May 9, 2025 as the cutoff date for amending the pleadings. (Doc. No. 15 at 1.) Because Plaintiff seeks to amend the complaint eight months past the cutoff date, it must show good cause. See Fed. Rule Civ. P. 16(b); Johnson, 975 F.2d at 607–08.

Plaintiff asserts good cause exists because the "purpose for filing an amended

3:24-cv-02026-H-KSC

complaint is to conform the complaint to the evidence adduced in discovery," which did not end until December 5, 2025.  (See Doc. No. 27; see also Doc. No. 15 at 3.)  In support of this, Plaintiff lists a variety of sources including depositions of Defendants' current and former employees through November 2025; statements by Defendants' Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, and Chief Business Officer; and documents produced by Defendants on October 10, 2025, following a Discovery Conference on September 23, 2025.  (Doc. No. 27 at 1, 2, 4.)

Defendants oppose on the grounds that Plaintiff's proposed amendment is untimely, prejudicial, and futile.  (See Doc. No. 30.)  Defendants counter that "if Plaintiff had been diligent in his review, he would have known Calidi's financial status well before the October 10, 2025 production."  (Id. at 8.)  Defendants claim that the information Plaintiff relies upon for his Proposed Second Amended Complaint was produced on April 2, 2025 as part of Defendants' initial disclosures and produced again on July 11, 2025.  (Id. at 7-8.)

Plaintiff maintains that the factual basis for the amendments was not available through discovery until Defendants' October 10, 2025 production of Calidi's quarterly financial statements for 2022 and 2023 and "the taking of Stephen Thesing's deposition on November 18, 2025".  (Doc. No. 27 at 1, 2, 4.)  The Court is inclined to agree as Plaintiff is entitled to explore its claims through discovery prior to amending its pleadings to assert them.  "Waiting to file the motion until after obtaining corroborating deposition testimony is [] sufficient to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)."  The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., 2008 WL 624771, at *7 n.7 (N.D. Cal. Mar. 4, 2008); see also Elec. Scripting Prod., Inc. v. HTC Am. Inc., 2021 WL 2530210, at *3 (N.D. Cal. June 21, 2021).  Further, waiting to amend a complaint until a strong evidentiary basis has been developed is preferable to prematurely asserting those claims based on a limited record that may or may not support them.

Plaintiff's delay also appears reasonable in light of ongoing discovery disputes

3:24-cv-02026-H-KSC

between the parties.  On September 23, 2025, the Court held a telephonic Discovery Conference to resolve issues regarding Defendants' responses to two sets of written document requests served by Plaintiff on July 27, 2025 and August 4, 2025.  (Doc. No. 26.)  Following the Conference, the Court instructed Defendants to produce responsive documents or, in the alternative, provide full and complete written responses explaining why any documents were being withheld on or before October 14, 2025.  (Id.)  Given these discovery disputes and the parties' continued depositions through November 2025, the Court will not deprive Plaintiff of the opportunity to amend its complaint for lack of diligence.  See, e.g., U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC, 475 F. Supp. 3d 1099, 1102 (S.D. Cal. 2020) (finding good cause to amend the scheduling order eight months after the deadline for amendments where new information was uncovered through depositions and admissions in August, November, and December).

The Court also finds good cause to relieve Plaintiff of the original deadline for amendments because doing so would be consistent with the courts' strong preference for resolving cases on the merits.  Accordingly, the Court finds good cause to relieve Plaintiff from the deadline set forth in the original scheduling order deadline and will consider Plaintiff's motion for leave to amend on its merits.  See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist., 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) (collecting cases) ("Allowing parties to amend [the scheduling order] based on information obtained through discovery is common and well established.").

**B.    Leave to Amend Should Be Granted**

Because Plaintiff has established good cause to modify the scheduling order to extend the deadline to request leave to amend the pleadings, the Court now turns to application of the Rule 15(a) standard in determining whether leave to amend should be granted here.

"In general, a court should liberally allow a party to amend its pleading." Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue

3:24-cv-02026-H-KSC

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cnty., 708 F.3d at 1117 (quoting Foman, 371 U.S. at 182). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.... Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC, 316 F.3d at 1052.

As noted above, Defendants oppose Plaintiff's motion on the grounds of undue delay, prejudice, and futility. None of these arguments provide a basis for denying Plaintiff's motion.

### 1. Undue Delay

As discussed above in the Rule 16 analysis, Plaintiff's delay is reasonable in light of the discovery disputes and depositions through November 2025. Plaintiff was diligent in seeking leave to amend once the factual bases for the proposed amendments were uncovered. Therefore, consideration of this factor does not weigh against granting leave to amend.

### 2. Previous Amendments

Plaintiff seeks leave to file a second amended complaint. (Doc. No. 27.) Plaintiff filed his first amended complaint as a matter of course. (Doc. No. 16.) Thereafter, Defendants answered. (Doc. No. 17.) Plaintiff's proposed amendments are different that his previous amendment, and there is no history of repeated failures to cure pleading deficiencies in this case. Thus, consideration of this factor does not weigh against granting leave to amend.

### 3. Undue Prejudice

Defendants argue in their opposition that they will be prejudiced because discovery has closed, and depositions have been completed. (Doc. No. 30 at 10.) "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" Eminence, 316 F.3d at 1052. "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending

3:24-cv-02026-H-KSC

and no pretrial conference has occurred." Calderon v. Tulare Reg'l Med. Ctr., 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018). The opposing party has the burden of showing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants have not demonstrated specific instances of hardship that support its claim of substantial prejudice. Other than vaguely asserting in conclusory fashion that it will be "prejudiced if it were not given an opportunity to conduct necessary discovery", Defendants have not explained nor shown how the proposed amendments would necessitate duplication of its discovery efforts undertaken thus far. (See Doc. No. 30.) Defendants argue that they will need to reopen fact discovery for the purpose of continuing Plaintiff's deposition. (Id. at 10.) This ordinary burden of litigation is not substantially prejudicial. There is no pending trial date, and no final pretrial conference has been held. (See Doc. No. 15.) Defendants do not assert that any major case deadlines must be changed due to Plaintiff's proposed amendment.

Moreover, as a review of the proposed second amended complaint suggests, Plaintiff's amendments involve much of the same operative facts, witnesses, and documentary evidence. (See Doc. Nos. 1, 16, 27.) Thus, the court concludes that Defendants have failed to meet their burden of showing that they would suffer "substantial prejudice" or a "substantial negative effect" if further leave to amend were to be granted. Consideration of this factor does not weigh against granting leave to amend.

### 4. Futility

A proposed amended claim is futile if it would be immediately "subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)). Leave to amend should only be denied based on futility if the court "determines that the pleading could not possibly be cured by the allegation of other facts." Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016) (overruled on other grounds) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Where a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule

3:24-cv-02026-H-KSC

15(a) "futility" analysis.  See Green Valley Corp. v. Caldo Oil Co., 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility").  Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss.  Lillis v. Apria Healthcare, 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Here, the Court acknowledges that Defendants raise challenges to Plaintiff's interpretation of the SAFE Agreement and his theory of insolvency.  At this stage, it is not clear that Plaintiff's causes of action are futile such that no set of facts could constitute a valid cause of action.  Because the Court will allow amendment of the Plaintiff's complaint, the factual allegations may shift and Defendants' challenges are better suited for a briefing on a future motion to dismiss or motion for summary judgment. Accordingly, the Court grants leave to amend the causes of action.

## Conclusion

For the reasons above, the Court grants Plaintiff's Motion to Amend.  Plaintiff must file his second amended complaint **within seven (7) days** from the date this order is filed. Defendants must file their response **within thirty (30) days** from the filing of the second amended complaint.  In light of the amendment, the Court vacates Defendants' motion for summary judgment as moot and continues the Final Pretrial Conference for six months. Defendants may file a motion for summary judgment as to Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: March 2, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

10

3:24-cv-02026-H-KSC