**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YIAN ZENG,<br>Plaintiff,<br>v.<br>CALIDI BIOTHERAPEUTICS, INC., a Nevada corporation; CALIDI BIOTHERAPEUTICS, INC., a Delaware corporation; and ALLAN J. CAMAISA,<br>Defendants. | Case No.: 3:24-cv-02026-H-KSC<br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE AND REQUEST TO STAY SUMMARY PROCEEDINGS**<br>[Doc. No. 41] |

On June 2, 2026, Plaintiff Yiang Zeng filed a motion for voluntary dismissal without prejudice, requesting to stay summary judgment proceedings. (Doc. No. 41.) On July 17, 2026, Defendants Calidi Biotherapeutics, Inc. (a Nevada Corporation), Calidi Biotherapeutics, Inc. (a Delaware Corporation), and Allan J. Camaisa (collectively, "Defendants") filed their response in opposition to Plaintiff's motion. (Doc. No. 42.) On July 24, 2026, Plaintiff filed its reply. (Doc. No. 43.) On August 12, 2026 the Court took the motions under submission. (Doc. No. 46.) On August 31, 2026, Defendants filed a motion for leave to file a supplemental declaration to Defendants' opposition to Plaintiff's motion to dismiss. (Doc. No. 52.) On September 1, 2026, Plaintiff filed its response in opposition to Defendant's motion. (Doc. No. 53.) On September 2, 2026, Defendants filed their reply. (Doc. No. 54.) On September 10, 2026, the Court issued an order granting Defendants' motion for leave to file a supplemental declaration. (Doc. No. 55.) For the

reasons below, the Court denies Plaintiff's motion to dismiss without prejudice and request to stay summary judgment proceedings.

## Background

### I. Factual Background

The following factual background is taken from the allegations in Plaintiff's Second Amended Complaint (SAC). (Doc. No. 34, SAC.)

Plaintiff Yiang Zeng is a dual citizen of The People's Republic of China and Cyprus. (Id. ¶ 1.) Defendant Calidi Biotherapeutics, Inc. is incorporated in the state of Delaware, with its principal place of business in San Diego ("Calidi Delaware"). (Id.) Defendant Calidi Biotherapeutics, Inc. is incorporated in the state of Nevada, with its principal place of business in San Diego, California ("Calidi Nevada"). (Id.) Defendant Allan J. Camaisa is a citizen of the state of California. (Id.).

On February 19, 2022, Plaintiff invested $2,000,000 pursuant to a Simple Agreement for Future Equity ("SAFE") issued by Calidi Nevada in anticipation of an eventual merger. (Id. ¶¶ 2, 5.) Plaintiff's understanding was that, once merged, he would immediately acquire an equity position in the surviving entity pursuant to a conversion formula outlined in the SAFE. (Id.)

On September 12, 2023, Calidi Nevada merged with an existing publicly traded company incorporated in the state of Delaware, now known as Calidi Delaware. (Id. ¶¶ 3, 6.) That same day, Plaintiff received 225,313 shares of Calidi Delaware common stock. (Id. ¶ 7.) On July 15, 2024, because of a 1-for-10 reverse split of the outstanding shares of Calidi Delaware's common stock, Plaintiff's Calidi Delaware common stock shareholdings were reduced to 25,531 shares now trading around $1.30 per share, worth $33,190. (Id.)

Plaintiff claims that Defendant Camaisa, former Chief Executive Officer and former Chairman of the Board of Directors of Calidi Nevada and Calidi Delaware (collectively, "Calidi"), was responsible for creating and promoting Calidi Nevada to raise money from SAFE investors. (Id. ¶ 4.) Plaintiff alleges that Defendant Camaisa appropriated Plaintiff's $2,000,000 SAFE investment to repay executive and board members' personal loans to

Calidi Nevada as opposed to providing capital to fund Calidi operations and growth. (Id. ¶¶ 7, 10, 23-25.) Plaintiff further alleges that Defendant Camaisa's malfeasance and misfeasance was fueled by his regular drunkenness and intoxication while at work. (Id. ¶¶ 10, 19.)

## II. Procedural History

On October 29, 2024, Plaintiff filed a complaint seeking recission of his investment in Calidi. (Doc. No. 1, Compl.) In particular, Plaintiff alleged claims for (1) securities fraud in violation of Cal. Corp. Code § 25401; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. (Id. ¶¶ 8-26.) On February 10, 2025, Defendants filed their answer. (Doc. No. 7.)

On March 17, 2025, Defendants served Plaintiff with their initial disclosures. (Doc. No. 11.) On April 2, 2025, Defendants served Plaintiff with additional documents as a continuation of its initial disclosures. (Doc. No. 30 at 2; Doc. No. 30-1, Elia Decl. ¶ 4.) The April 2, 2025 production included Calidi's Form S-1, filed with the Securities and Exchange Commission ("SEC") on October 6, 2023. (Id. ¶ 4; Doc. No. 30, Ex. B.)

On April 9, 2025, the Court held the Early Neutral Evaluation and Case Management Conference. (Doc. No. 14.) That same day, the Court issued a scheduling order which stated, in part, that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by May 9, 2025." (Doc. No. 15 at 1.) On May 9, 2025, Plaintiff filed his First Amended Complaint (FAC). (Doc. No. 16, FAC.) On May 30, 2025, Defendants filed their amended answer. (Doc. No. 17.)

On July 11 and July 14, 2025, Defendants provided a supplemental production of documents. (Doc. No. 30 at 3; Doc. No. 30-1, Elia Decl. ¶¶ 5, 6.) The July 11, 2025 production contained Calidi Delaware's 10-K, filed with the SEC on March 31, 2025. (Id. ¶ 5; Doc. No. 30, Ex. C.) The July 14, 2025 production contained Edoc Acquisition Corporation's ("Edoc") Form S-4 registration statement, filed with the SEC on March 16, 2022. (Doc. No. 30-1, Elia Decl. ¶ 7; Doc. No. 30, Ex. D.)

On July 16, 2025, Plaintiff took the deposition of Defendant Allan Camaisa. (Doc.

No. 27 at 4.) On July 18, 2025, Plaintiff took the deposition of Tony Kalajian, Calidi's Chief Accounting Officer and Interim Financial Officer from March 2021 to October 2023. (Id.) On September 5, 2025, Plaintiff took the deposition of Andrew Jackson, Calidi's Chief Financial Officer from October 2023 to present. (Id.)

On September 23, 2025, the Court held a telephonic Discovery Conference regarding the parties' discovery disputes. (Doc. No. 26.) On October 10, 2025, Defendants produced another batch of documents. (Doc. No. 30-1, Elia Decl. ¶ 9.) On November 18, 2025, Plaintiff took the deposition of Stephen Thesing, Calidi's Chief Business Officer from December 2021 to November 2024. (Doc. No. 27 at 1, 17.)

On January 8, 2026, Plaintiff moved pursuant to Civil Rule of Civil Procedure 15(a)(2) for leave to file a second amended complaint. (Doc. No. 27.) That same day, Defendants moved for summary judgment. (Doc. No. 28.) On March 2, 2026, this Court granted Plaintiff's motion for leave to file a second amended complaint and vacated Defendant's motion for summary judgment as premature. (Doc. No. 33.) On March 3, 2026, Plaintiff filed its Second Amended Complaint (SAC). (Doc. No. 34, SAC.) On March 24, 2026, Defendants filed their answer. (Doc. No. 38.)

By the present motion, Plaintiff moves for motion to dismiss without prejudice, (Doc. No. 41). On August 12, 2026, the motion was fully briefed and taken under submission. (Doc. No. 46.) On August 19, 2026, the Court requested the parties meet and confer with the Magistrate Judge. (Doc. No. 48.) On August 26, 2026, the parties filed a joint status report, where Defendants' counsel reported that "Plaintiff has filed another lawsuit against Defendant Camaisa and other defendants in the Superior Court of California, San Diego County based on the same facts." (Doc. No. 50 at 4.) On August 31, 2026, Defendants filed a motion for leave to file a supplemental declaration to Defendants' opposition to Plaintiff's motion to dismiss. (Doc. No. 52.) The supplemental declaration discusses the new case filed by Plaintiff against Defendant Camaisa in the San Diego Superior Court. (See Doc. No. 52-1.) On September 10, 2026, the Court issued an order granting Defendants' motion for leave to file a supplemental declaration. (Doc. No.

55.)

**Discussion**

**I. Legal Standards**

Federal Rule 41 grants the district court "discretion to dismiss a case with or without prejudice." Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1279 (9th Cir. 2023). Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request a voluntary dismissal of his or her complaint, which district courts are empowered to grant "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." See Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996).; see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994).

"Legal prejudice" is a term of art meaning "prejudice to some legal interest,...claim,...[or] argument." Kamal, 88 F.4th at 1280. "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." Westlands, 100 F.3d at 97; see also Abbey Dental Ctr. v. Consumer Op., LLC, 782 Fed. Appx. 618, 619 (9th Cir. 2019). Courts have determined that legal prejudice arises in certain situations, including the potential loss of a federal forum, the potential conflict of federal rules, or the implication of a complete defense. Westlands, 100 F.3d at 97 (collecting cases); Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001). Courts in this circuit have weighed a list of factors in determining whether legal prejudice exists: (a) the effort and expense to the defendant involved in litigating the case, (b) any excessive delay and lack of diligence on the part of the plaintiff, and (c) whether sufficient explanation for the need to dismiss was provided. See Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir.1986) (upholding denial of motion for voluntary dismissal where court concluded plaintiff was forum shopping and significant activity in case had taken place); see also Biden v. Ziegler, No. 23-cv-07593-HDV-KS, 2025 WL 1720182, at *2 (C.D. Cal. Mar. 13, 2025) and FaceTec, Inc. v. Jumio

Corporation, No. 24-cv-03623-RFL, 2024 WL 4703142, at *1 (N.D. Cal. Nov. 1, 2024).

**II. Analysis**

Plaintiff contends that he has "actively and diligently participated in this litigation since its inception" but, upon evaluating the economic viability of continued litigation, has good reasons for seeking dismissal. (Doc. No. 41-2 at 3.) Plaintiff further asserts that Defendant will not suffer plain legal prejudice because dismissal without prejudice would not "extinguish any defense available to Defendants." (Id. at 3.)

Defendants oppose dismissal, arguing that dismissal would permit Plaintiff to evade responding to Defendants' motion for summary judgment while also utilizing the motion to refile his complaint. (Doc. No. 42 at 8, 10.) Plaintiff asserts that he is not seeking dismissal to "engage in forum shopping" and relies on the assertion that "refiling is impossible." (Doc. No. 43 at 1, 2; Doc. No. 41-2 at 3.) Defendants note, however, that Plaintiff filed or attempted to file a complaint against Defendant Camaisa in San Diego Superior Court on July 21, 2026. (Doc. No. 54 at 2; see also Doc. No. 52-1.) The Court agrees with Defendants.

The Court is troubled by Plaintiff's reasoning for seeking dismissal, given Plaintiff filed or attempted to file a new complaint against Defendant Camaisa in San Diego Superior Court on July 21, 2026 alleging similar claims. (Doc. No. 54 at 2; see also Doc. No. 52-1.) The parties have both expended significant resources in preparing for trial in federal court. Defendants have responded to multiple rounds of document requests, produced approximately 2,884 pages of documents, deposed five different witnesses, and prepared its own discovery requests. (Doc. No. 42 at 15.) More importantly, Defendants have drafted and prepared two motions for summary judgments "addressing entirely different theories of liability" during the course of this action. (See Doc. Nos. 28, 40.) Defendants' summary judgment motion effectively gives Plaintiff a roadmap to Defendants' most important legal arguments. See Biden, 2025 WL 1720182, at *2. If dismissal is granted without prejudice, Plaintiff could develop new facts, contact new witnesses, explore and include additional claims, and thereby gain a strategic advantage in

opposing the factual and legal defenses presented in Defendants' motion.

Furthermore, Plaintiff requests that each party should bear its own fees and costs. (Doc. No. 41-2 at 3, 4.) Defendants argue, should the Court be inclined to grant dismissal, it should grant the dismissal with prejudice and award attorneys' fees and costs to Defendants. (Doc. No. 42 at 14.) Defendants assert that they have expended "significant effort and expense" in this matter." (Id. at 14, 15.) The Court agrees with Defendants.

Defendants suffer legal prejudice if dismissal without prejudice precludes them from seeking attorney's fees as a prevailing party. U.S. v. Ito, 472 F. Appx. 841, 842 (9th Cir. 2012); Willis v. Scorpio Music (Black Scorpio) S.A., 2017 WL 11680862, at *1 (S.D. Cal. April 21, 2017); GDS Indus., Inc. v. Great American Ins. Co., 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016). Here, Defendants will be precluded from seeking attorneys' fees if the case is dismissed without prejudice. Under California Law, in contract actions, like this case, there is no "prevailing" party when the action is voluntarily dismissed. See California Civil Code § 1717(b)(2). Thus, a voluntary dismissal entered at any stage of a contract action prevents a fee award. See Santisas v. Goodin (1998) 17 Cal. 4th 599, 613; (Doc. No. 43 at 3.) Given Plaintiff's position that a voluntary dismissal means "there shall be no prevailing party" and prevents a fee award, (Doc. No. 43 at 2), Defendants will suffer legal prejudice if the case is dismissed without prejudice. See Ito, 472 F. Appx. at 842. Therefore, Plaintiff's motion to voluntarily dismiss the complaint without prejudice is denied. Any dismissal by Plaintiff must be with prejudice.

## Conclusion

For the reasons above, the Court denies Plaintiff's motion to dismiss without prejudice and request to stay summary proceedings.

**IT IS SO ORDERED.**

DATED: September 11, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT